THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC.                                )<br>                                                                         )<br>                      Plaintiff,                             )<br>                                                                         )<br>v.                                                                      )<br>                                                                         )<br>THE DEPARTMENT OF REVENUE OF               )<br>THE STATE OF FLORIDA, and JIM ZINGALE, )<br>As Executive Director of The Department of    )<br>Revenue of the State of Florida,                         )<br>                                                                         )<br>                      Defendants.                        ) | Case No.: 4:06 CV 342 SPM/WCS<br>(2006 Taxes) |

## CONSENT ORDER OF SETTLEMENT AND DISMISSAL

Plaintiff, CSX Transportation, Inc. ("CSXT"), and Defendants, Department of Revenue of the State of Florida and its Executive Director ("Department"), by and through their respective counsel, having represented that all matters at issue in the above-referenced case have been compromised and settled, and that these cases may be dismissed on the terms specified below, it is, hereby, ordered and adjudged and decreed as follows:

1. The maximum aggregate assessed value of CSXT's Railroad Operating Property in Florida (after consideration of all exemptions, deductions and equalization) shall be as follows:

   a. As of January 1, 2006: $515,000,000;

   b. As of January 1, 2007: $525,000,000; and

   c. As of January 1, 2008: $520,000,000.

The provisions of this agreement shall be limited to the years set forth above. For tax year 2008, CSXT agrees not to challenge its 2008 assessment nor seek a reduction below the maximum

1

assessed value set forth in this paragraph for 2008, provided the Department assesses CSXT's railroad operating property for 2008 at no more than $520,000,000.

2. This is a settlement of disputed valuation and equalization issues. The maximum aggregate assessed values set forth in Paragraph 1 above may become public and may be certified by the Department to the Florida counties in which CSXT operates for ad valorem tax purposes. The maximum aggregate assessed values set forth in Paragraph 1 are, however, compromised values agreed to for purposes of settlement only. No party to this litigation, including its officers, agents, employees, attorneys or consultants, shall make any extrapolation of a system or unitary value from these settlement values, nor make any representation outside this litigation with respect to the full system or unitary values associated with these settlement values.

3. The balance of CSXT's ad valorem tax payments for 2006 and 2007 shall be made within twenty (20) days after the later of (a) the entry of this Order, or (b) the receipt by CSXT of a supplemental county tax bill based on the maximum aggregate assessed values set forth in Paragraph 1. CSXT's ad valorem tax payments for 2008 shall be made within the time, and in the manner, required by Florida law.

4. Nothing contained herein shall be deemed to apply to any other taxpayer or to any other type of tax. Except as otherwise provided in this Order concerning the 2008 assessment, this settlement is solely intended to resolve the valuation and equalization issues disputed by CSXT. No inferences are to be drawn from this settlement concerning other taxpayers or any other type of tax.

5. The parties to this litigation have reached this settlement based upon the litigation hazards unique to the instant actions and the positions taken herein are based upon the parties'

evaluation of those unique litigation risks. Therefore, nothing in this Order shall be construed as a policy statement of general applicability and shall not be construed as an admission or endorsement of the validity of the positions taken by the parties to these cases.

6. This case may be dismissed with prejudice, with each side to bear its own attorney's fees and expenses. This court shall retain jurisdiction for purposes of enforcing this Settlement Agreement for Tax Year 2006.

APPROVED FOR ENTRY:

s/ Kenneth R. Hart
Kenneth R. Hart
Ausley & McMullen
227 South Calhoun Street
Tallahassee, Florida 32301
(850) 425-5462

s/ Nicholas Bykowsky
Nicholas Bykowsky
Assistant Attorney General
Office of Attorney General, Charlie Crist
107 West Gaines Street
Collins Building, Room 301
Tallahassee, Florida 32399
(850) 414-3300

SO ORDERED on this 20th day of March, 2008.

STEPHAN P. MICKLE
UNITED STATES DISTRICT JUDGE